SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Attorneys for Defendant
KEITH MACHINERY CORP.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------------x

RAMON REYES,

                                  Plaintiff,

         -against-

KEITH MACHINERY CORP., LITTLEFORD
BROTHERS, INC., LITTLEFORD DAY, INC.,
LFB INC., MAKINO INC., AND JOHN DOE 1-100
(a fictitious name) individually and/or t/a XYZ Co.,
1-100 (a fictitious name); and ABC Corporation;
1-100 (a fictitious name); JANE DOE 1-100 (a
fictitious name),

                              Defendants.

-----------------------------------------------------------------x

**Civil Action No.  2:09-CV-05309
(DRD/MAS)**

**ANSWER TO AMENDED COMPLAINT
WITH CROSS-CLAIMS AND
SEPARATE DEFENSES**

TO:   Richard Winograd, Esq.
      Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd, LLP
      400 Market Street
      Newark, New Jersey 07105
      Attorney for Plaintiff
      (973)854-8400

Defendant Keith Machinery Corp., by its attorneys, Sedgwick, Detert, Moran &

Arnold, LLP, by way of an answer to the Amended Complaint of plaintiff, respectfully

states and alleges:

NY/577520v1

## ANSWERING THE FIRST COUNT

1.    Denies each and every allegation contained in paragraph "1" of the First Count of plaintiff's Amended Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of the First Count of plaintiff's Amended Complaint.

3.    Denies each and every allegation contained in paragraph "3" of the First Count of plaintiff's Amended Complaint.

4.    Denies each and every allegation contained in paragraph "4" of the First Count of plaintiff's Amended Complaint.

5.    Denies each and every allegation contained in paragraph "5" of the First Count of plaintiff's Amended Complaint.

6.    Denies each and every allegation contained in paragraph "6" of the First Count of plaintiff's Amended Complaint.

## ANSWERING THE SECOND COUNT

1.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Second Count of plaintiff's Amended Complaint.

2.    Denies each and every allegation contained in paragraph "2" of the Second Count of plaintiff's Amended Complaint.

## ANSWERING THE THIRD COUNT

1.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Third Count of plaintiff's Amended Complaint.

NY/577520v1

2.      Denies each and every allegation contained in paragraph "2" of the Third Count of plaintiff's Amended Complaint.

3.      Denies each and every allegation contained in paragraph "3" of the Third Count of plaintiff's Amended Complaint.

4.      Denies each and every allegation contained in paragraph "4" of the Third Count of plaintiff's Amended Complaint.

5.      Denies each and every allegation contained in paragraph "5" of the Third Count of plaintiff's Amended Complaint.

## ANSWERING THE FOURTH COUNT

1.      Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Fourth Count of plaintiff's Amended Complaint.

2.      Denies each and every allegation contained in paragraph "2" of the Fourth Count of plaintiff's Amended Complaint.

3.      Denies each and every allegation contained in paragraph "3" of the Fourth Count of plaintiff's Amended Complaint.

4.      Denies each and every allegation contained in paragraph "4" of the Fourth Count of plaintiff's Amended Complaint.

## ANSWERING THE FIFTH COUNT

1.      Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Fifth Count of plaintiff's Amended Complaint.

2.      Denies each and every allegation contained in paragraph "2" of the Fifth Count of plaintiff's Amended Complaint.

## ANSWERING THE SIXTH COUNT

1.      Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Sixth Count of plaintiff's Amended Complaint.

2.      Denies each and every allegation contained in paragraph "2" of the Sixth Count of plaintiff's Amended Complaint.

## ANSWERING THE SEVENTH COUNT

1.      Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Seventh Count of plaintiff's Amended Complaint.

2.      Denies each and every allegation contained in paragraph "2" of the Seventh Count of plaintiff's Amended Complaint and respectfully refers all questions of law to the Honorable Court.

3.      Denies each and every allegation contained in paragraph "3" of the Seventh Count of plaintiff's Amended Complaint.

### DEFENDANT KEITH MACHINERY CORP. BY WAY OF CROSS-CLAIMS AGAINST CO-DEFENDANTS LITTLEFORD BROTHERS, INC., LITTLEFORD DAY, INC., LFB INC., AND MAKINO INC. SAYS:

### THE FIRST COUNT

1.      Without admitting any liability herein, this answering defendant asserts that should liability be found against said defendant, it is entitled to and hereby claims contribution from the co-defendants above-named, pursuant to the provisions of the New Jersey Joint Tortfeasor Contribution Law, N.J.S.A. 2A:53-A-1, et seq., the

NY/577520v1

Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., and N.J.S.A. 59:9-4, together with interest, cost and counsel fees.

## THE SECOND COUNT

2.     While this defendant denies that it is negligent in any regard, it asserts that its negligence, if any, was passive, vicarious and imputed, whereas the negligence of the co-defendants was active and primary.  However, in the event that this defendant is found liable to plaintiff, in any respect, it is entitled to indemnity from the above-named co-defendants, whether said right to indemnification arose from the primary character of said co-defendants' negligence, breach of contract, strict liability in tort, breach of warranty or otherwise.

## SEPARATE DEFENSE

1.     This answering defendant denies that it was guilty of any negligence or produced a defective product which was the proximate or producing cause of any injuries or damages allegedly sustained by plaintiff.

2.     This answering defendant owed no duty to plaintiff and did not breach any duty allegedly owed.

3.     The alleged incident resulted from circumstances and conditions beyond the control of this answering defendant.

4.     By entering into the activity in which plaintiff was engaged at the time of the occurrence set forth in the Amended Complaint, plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by plaintiff as alleged in the Amended Complaint arose from and were caused by reason of such risks voluntarily

NY/577520v1

undertaken by plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

5.      Any injuries which plaintiff may have sustained at the time and place set forth in the Amended Complaint were caused in whole or in part by his own contributory/comparative negligence and/or culpable conduct, and/or the contributory/comparative negligence and/or culpable conduct of third parties, and not as a result of any contributory/comparative negligence and/or culpable conduct on the part of this answering defendant.

6.      Plaintiff's negligence was greater than the negligence of this answering defendant, which negligence is denied, and such negligence of plaintiff was a substantial factor in causing the accident, personal injuries and damages about which plaintiff now complains, and therefore, plaintiff is barred from recovery in this matter by the terms and provisions of N.J.S.A. 2A:15-5.1 et seq.

7.      While denying any negligence on the part of this answering defendant, should the negligence of plaintiff not be greater than that of said answering defendant, plaintiff's damages shall be diminished by the percentage of negligence attributable to plaintiff in accordance with N.J.S.A. 2A:15-5.1 et seq.

8.      Any and all injuries and damages sustained were the result of the acts or omissions of third parties over whom this answering defendant had no control or supervision.

9.      Plaintiff has failed to join indispensable parties who would be responsible for the damages alleged in the Amended Complaint.

NY/577520v1

10.    The injuries or damages sustained by plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any.

11.    No defect existed in the subject product.

12.    The subject product was not defective when it left the custody and control of this answering defendant.

13.    Any injuries and damages sustained by the plaintiff were the result of the misuse and/or abuse of the subject product by plaintiff which was unforeseeable to this answering defendant.

14.    Any and all acts performed, and products manufactured and/or distributed by this answering defendant were at all times relevant hereto in conformity with the state of the art for the manufacture, design, testing and labeling of similar medical devices.

15.    Liability against this answering defendant is precluded as a matter of law based upon the balancing of risk utility factors.

16.    The product that has allegedly caused injury to the plaintiff was supplied, if at all, to a sophisticated user and, therefore, this answering defendant is not legally responsible for either the acts or omissions of the sophisticated user or misinformation or lack of information provided to the plaintiff by others.

17.    Plaintiff's claims are barred because the product was substantially altered after it left the this answering defendant's possession and control.

18.     In the event plaintiff alleges that this answering defendant failed to warn of known or knowable risks inherent in the use of the product, these claims are governed by the "learned intermediary" rule or doctrine.

19.     Plaintiff failed to give this answering defendant notice of any claimed breach of warranty, including a failure to give the notice set forth in the Uniform Commercial Code § 2-607(e).

20.     This answering defendant made no warranty, express or implied, to plaintiff.

21.     Plaintiff's claims for breach of express warranty and/or breach of implied warranty are barred because there was no privity between this answering defendant and plaintiff.

22.     Plaintiff's breach of warranty claim is barred because plaintiff did not rely on the warranty, if any.

23.     All of plaintiff's claims are barred or diminished due to his failure to preserve evidence.

24.     Plaintiff's injuries, if any, were caused by pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

25.     Plaintiff failed to mitigate his damages, if any.

26.     Any award recovered by plaintiff herein shall be diminished by the amount of benefits paid by any collateral source, pursuant to N.J.S.A. 24:15-97.

27.     The Amended Complaint fails to state a cause of action cognizable in equity or law against this answering defendant, and must therefore be dismissed.

NY/577520v1

28.   Plaintiff's causes of action are time-barred pursuant to the applicable statute of limitations.

29.   The Court lacks personal jurisdiction over this answering defendant.

30.   This court lacks jurisdiction over this answering defendant by reason of defective service of process.

**WHEREFORE**, defendant Keith Machinery Corp. demands judgment dismissing the Amended Complaint and all cross-claims, together with interest, costs and disbursements of this action.

## DENIAL OF ALL CROSS-CLAIMS

This answering defendant denies each and every allegation contained in any cross-claim that has been or will be asserted against it.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned certifies that the matter in controversy is not the subject of any other action pending in this court.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 5.1

Scott L. Haworth certifies that he caused a copy of this Answer to be served via Federal Express Overnight Delivery on the following:

    Richard Winograd, Esq.
    Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd, LLP
    400 Market Street
    Newark, New Jersey 07105
    Attorney for Plaintiff
    (973)854-8400

NY/577520v1

J. Michael Kunsch, Esq.
Sweeney & Sheehan, P.C.
1515 Market Street, 19th floor
Philadelphia, Pennsylvania 19102
Attorneys for defendants Makino, Inc., Littleford Brothers, Inc.
Littleford Day, Inc. and LFB, Inc.
(215)563-9811


Dated:   June 22, 2010

                        SEDGWICK, DETERT, MORAN & ARNOLD LLP
                        Attorneys for Defendant
                        KEITH MACHINERY CORP.


                        _____

                        Scott L. Haworth (SH 5890)


TO:

J. Michael Kunsch, Esq.
Sweeney & Sheehan, P.C.
1515 Market Street, 19th floor
Philadelphia, Pennsylvania 19102
Attorneys for defendants Makino, Inc., Littleford Brothers, Inc.
Littleford Day, Inc. and LFB, Inc.
(215)563-9811

10

## CERTIFICATE OF SERVICE

I, Scott L. Haworth, hereby certify and affirm that a true and correct copy of the attached defendant Keith Machinery Corp.'s **ANSWER TO AMENDED COMPLAINT WITH CROSS-CLAIMS AND SEPARATE DEFENSES** were served via Federal Express Overnight Delivery on this 22nd day of June, 2010, upon the following:

Richard Winograd, Esq.
Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd, LLP
400 Market Street
Newark, New Jersey 07105
Attorney for Plaintiff
(973)854-8400

J. Michael Kunsch, Esq.
Sweeney & Sheehan, P.C.
1515 Market Street, 19th floor
Philadelphia, Pennsylvania 19102
Attorneys for defendants Makino, Inc., Littleford Brothers, Inc.
Littleford Day, Inc. and LFB, Inc.
(215)563-9811

Dated:  June 22, 2010

Scott L. Haworth (SH 5890)

NY/577520v1