**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| RAMON REYES, | CIVIL ACTION |
| Plaintiff, | |
| v. | |
| KEITH MACHINERY CORP., et al. | NO. 2:09-cv-05309-DRD-MAS |
| Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**OF DEFENDANTS MAKINO, INC., LITTLEFORD BROTHERS, INC.,**
**LITTLEFORD DAY, INC., AND LFB INC.**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

I. INTRODUCTION ...................................................................................1

II. LAW AND ARGUMENT .........................................................................1

     A. The Undisputed Material Facts are as Littleford Described ........................2

     B. New Jersey Law Does Allow for Summary Judgment in
        These Circumstances .....................................................................4

     C. Littleford is Entitled to Summary Judgment on
        Plaintiff's Negligence and Warranty Claims ...............................................6

III. CONCLUSION.....................................................................................6

## <u>TABLE OF AUTHORITIES</u>

### <u>Case Law</u>

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ............................................. 2-3

*Bexiga v. Havir Manufacturing Corp.*, 60 N.J. 402 (1972) ................................................5

*Brown v. United States Stove Co.*, 98 N.J. 155, 174-75 (N.J. 1984) ...................................4

*Butler v. PPG Industries, Inc.*, 201 N.J. Super. 558 (App. Div. 1985)................................5

*Hinojo v. New Jersey Mfrs. Ins. Co.*, 353 N.J. Super. 261, 271 (App. Div. 2002).............4

*Michalko v. Cooke Color & Chem. Corp.*, 91 N.J. 386, 400 (1982) ...................................5

*Stephenson v. R.A. Jones & Co., Inc.*, 103 N.J. 194, 200 (1986).........................................5

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

Despite Plaintiff's attempts to divert attention from the fatal flaw in his argument, the fact remains:  Plaintiff's quarrel is with Union Ink, not Littleford.  Plaintiff was injured because Union Ink did not supply him with proper safety equipment—not because Littleford didn't.  The evidence is undisputed that when Keith Machinery sold the ink mill to Plaintiff's employer, it supplied a warning placard, an instruction manual that included the ANSI standard that applies to the ink mill, and—fatal to Plaintiff's case—a nip point guard.  All parties (including Plaintiff himself) agree that the use of that nip point guard would have prevented Plaintiff's injuries.

As a matter of law, Union Ink's alleged failure to provide Plaintiff with a nip point guard is the proximate cause of Plaintiff's injury.  Because Plaintiff cannot prove causation, his claims against Littleford must fail.  Plaintiff claims that this is an issue for the jury.  It is not, because the undisputed facts show that Plaintiff's employer was provided with safety equipment that Plaintiff agrees would have prevented his accident.  The employer's failure to provide that safety equipment to Plaintiff is a superseding cause that cuts off Littleford's liability.  Summary judgment is appropriate when the facts are clear, as they are here.

## II.    LAW AND ARGUMENT

Littleford is entitled to summary judgment as a matter of law.  Plaintiff's injuries were proximately caused by his failure to use appropriate safety equipment or by Union Ink's failure to provide proper instruction and training—but not by any alleged design or warning defect.  Plaintiff's common law negligence and breach of warranty claims also should be dismissed as they are no longer cognizable under New Jersey products liability law.  And Plaintiff's breach of

express warranty claims should be dismissed, because Littleford never made an express warranty to Plaintiff.

### A.    The Undisputed Material Facts Are as Littleford Described

There are two key material facts not in dispute in this case: first, warnings, instructions, and nip point guards—known as "wash up sticks" or "safety bars" or "safety bands"—had been provided by Keith Machinery to Plaintiff's employer before Plaintiff's accident.  Second, Plaintiff's accident would not have happened if he had used a nip point guard and/or proper technique while cleaning the ink mill.  Plaintiff's response to Littleford's Motion for Summary Judgment does not change these facts.

Plaintiff claims that there is no evidence that Keith Machinery provided nip point guards to Union Ink.  *See* Plaintiff's Memo at 16-17.  This is simply not true.  The undisputed evidence shows:  (1) Keith Machinery provided warning placards, nip point guards, an instruction manual, and the ANSI standard to Union Ink in 1995.  Hatz Deposition at 41. (2) There are multiple purchase orders indicating that Keith Machinery provided nip point guards to Union Ink before Plaintiff's accident.  Hatz Deposition at 41, 92-119, Exhibits 6-14.  (3) There are inspection reports from before Plaintiff's accident showing that Keith Machinery specifically advised Union Ink to use nip point guards, and that there were nip point guards on some machines.  Hatz Deposition at 92-119, Exhibits 6-14.  The only thing that is disputed is what Union Ink did with those nip point guards once it received them.  And that does not matter here.

Plaintiff attempts to create an issue of fact where there is none—or at least none that is material.  A fact is "material" only if it could affect the outcome of the suit under the applicable rule of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The existence of a factual dispute between parties will not defeat an otherwise properly supported motion for

2

summary judgment so long as there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Here, there are no disputes about material facts.

No one disputes that Union Ink received nip point guards, instruction manuals, and a warning placard from Keith Machinery when it purchased the ink mill in 1995. Two of Plaintiff's coworkers even testified that nip point guards were available at the time of Plaintiff's accident, although not on the particular ink mill Plaintiff was using when he was injured. *See* Peterson Deposition at 10, Calderone Deposition at 14. There is no need for the Court to "accept as true the testimony of Steven Pabon and Jonathan Hatz *over* that of Plaintiff and his three coworkers." Plaintiff's Memo at 16 (emphasis added). The testimony of Hatz and Plaintiff and his coworkers is all consistent, at least with regard to material facts: Union Ink had been provided with nip point guards.

In addition to Union Ink having received this safety equipment, Plaintiff himself acknowledged that a nip point guard would have prevented his accident:

> *the accident could have been prevented with ... a safety band.* Yeah. Because when you are cleaning the machine, you put that on and that prevents the rag from going in, which is what went in and pulled my hand with it.

Reyes Deposition at 42 (emphasis added). One of Plaintiff's experts opined that the mill "should have been equipped with a removable nip point guard to protect operators from the inrunning nip point" and that Plaintiff's hand was pulled "into the unguarded inrunning nip point." Expert Report of T. Cocchiola at 15-16. Plaintiff's other expert gave a similar opinion:

> Therefore, as the plaintiff attempted to dry the rollers, with the nip point guard in place he would have been protected from encountering the in-running nip point created between opposing rollers and *his injury in this instance would have been averted.*

Expert Report of Michael G. Natoli, attached as Exhibit A, at 8 (emphasis added).

Plaintiff alleges that there is a dispute regarding whether there were nip point guards available to him when he was working on the ink mill on the day of his accident. Littleford acknowledges that there may be a dispute about that. What Plaintiff does not and cannot dispute is that Keith Machinery provided nip point guards to Union Ink. What Union Ink did later with that safety equipment is disputed—but it is not material to this matter, as Union Ink is not a party. Littleford is entitled to summary judgment in this case as there are no *material* facts in dispute.

**B.      New Jersey Law Does Allow for Summary Judgment in these Circumstances**

New Jersey law does allow for summary judgment under these circumstances, despite Plaintiff's attempts to argue otherwise. Plaintiff is correct that the determination of whether an employer's actions are a superseding cause is typically one for a jury, as Littleford noted in its Memo. *See* Littleford's Memo at 11 (citing *Hinojo v. New Jersey Mfrs. Ins. Co.*, 353 N.J. Super. 261, 272 (App. Div. 2002)).[1] Yet Plaintiff ignores the New Jersey Supreme Court holding that where "reasonable minds could not differ in terms of the conclusion to be reached on these facts," it is proper to decide the issue on summary judgment. *Brown v. United States Stove Co.*, 98 N.J. 155, 174 (N.J. 1984). This case, where it is undisputed that the ink mill complied with all applicable safety standards and included the very piece of safety equipment that would have prevented Plaintiff's injuries when it was sold to Union Ink, provides just such a situation where reasonable minds could not differ.

Plaintiff also contends that a manufacturer must provide safety equipment, and cannot rely upon the employer to do so. In support of his argument, Plaintiff relies heavily on *Butler v.*

---

[1] Plaintiff incorrectly attributes the *Hinojo* decision to the New Jersey Supreme Court. Plaintiff's Memo at 25. *Hinojo* was actually decided by the Superior Court of New Jersey, Appellate Division.

*PPG Industries, Inc.*, 201 N.J. Super. 558 (App. Div. 1985). In *Butler*, the court held that where the defendant manufacturer had not provided any safety equipment, it could not rely on the employer to provide safety equipment to the plaintiff employee. *Butler*, 201 N.J. Super. at 563. In contrast to the manufacturer in *Butler*, Keith Machinery actually did provide warnings, instructions, and safety equipment to Union Ink—the very safety equipment Plaintiff says would have prevented his injury. There was no reliance on the employer to provide safety equipment— merely to use the nip point guard that had actually been supplied.

Plaintiff's reliance on *Bexiga v. Havir Manufacturing Corp.*, 60 N.J. 402 (1972) and *Stephenson v. R.A. Jones & Co., Inc.*, 103 N.J. 194, 200 (1986) for the same proposition of law is likewise flawed. In *Bexiga*, the manufacturer did not install a guard on its equipment or provide one to the purchaser, because it was the practice that the purchaser would do so. The New Jersey Supreme Court held the manufacturer was strictly liable for the failure to install such a guard. In *Stephenson*, the New Jersey Supreme Court held that a "manufacturer that knows its machines are defective has a duty to employees of the purchaser to correct the defect and may not rely on the purchaser-employer to make the necessary correction." *Stephenson*, 103 N.J. at 200 (citing *Michalko v. Cooke Color & Chem. Corp.*, 91 N.J. 386, 400 (1982)). Neither case is directly applicable here, however, because no correction or safety equipment was ever provided to the purchasers of the manufacturers' products. In contrast, in this case, Union Ink received a warning placard, instruction manual, and nip point guards for the ink mill. All Union Ink had to do was ensure its employees used the nip point guards. It was that failure that proximately caused Plaintiff's injuries.

Finally, Plaintiff's experts rely heavily on alleged violations of the ANSI standard created in 1975—at least 25 years after Littleford built and sold the ink mill at issue in this

5

lawsuit. *See* Natoli and Cocchiola Reports. It is plain that the ink mill complied with the ANSI standard when Keith Machinery sold it to Union Ink. Littleford agrees that compliance with the ANSI standard is not dispositive. Rather, what is dispositive in this case is the fact that Plaintiff's employer had received from Keith Machinery a nip point guard for the machine and the fact that everyone—including Plaintiff himself and both of Plaintiff's experts—agrees that with the nip point guard required by ANSI in place, Plaintiff's accident would not have happened. Reasonable minds can reach but one conclusion: the ink mill and its design were not the proximate cause of Plaintiff's injuries.

### C.   Littleford is Entitled to Summary Judgment on Plaintiff's Negligence and Warranty Claims

Plaintiff can offer no opposition to Littleford's argument that his common law negligence and breach of warranty claims are no longer viable as separate claims for harm caused by a defective product. Because Plaintiff's negligence and breach of implied warranty claims allege harm arising solely from Defendants' allegedly defective product and, therefore, are subsumed under the Products Liability Act, the Court must grant Defendants summary judgment on Plaintiff's negligence and breach of implied warranty claims. Further, because Littleford made no express warranties to Plaintiff, Plaintiff's breach of express warranty claim must also fail.

### III.   CONCLUSION

Plaintiff attempts to use disputes about immaterial facts to avoid summary judgment. But the fact is, both Plaintiff and Plaintiff's expert say that safety equipment that had been provided to Union Ink—and that Union Ink knew of for years—would have prevented Plaintiff's accident. Plaintiff seeks recovery from Littleford because he alleges it did not provide safety equipment and a warning when it first sold the ink mill sometime prior to 1950—but the undisputed facts show that Keith Machinery did just that in 1995, and Plaintiff was still injured. Thus, a design

defect or failure to warn as a matter of law cannot be the proximate cause of Plaintiff's accident. It is Union Ink's failure to provide that safety equipment to Plaintiff that caused the accident—nothing more. For the reasons explained here and in Littleford's previous filings, Littleford is entitled to summary judgment, and Plaintiff's claims should be dismissed as a matter of law.

Respectfully submitted,

**SWEENEY & SHEEHAN**

By:  s/J. Michael Kunsch
Identification No. 022601991
216 Haddon Avenue, Suite 500
Westmont, NJ 08109
Telephone:  (856) 869-5600
Facsimile:  (856) 869-5605
michael.kunsch@sweeneyfirm.com
*Attorney for Defendants*
*Makino, Inc., Littleford Brothers, Inc.,*
*Littleford Day, Inc. and LFB Inc.*

Of counsel, admitted *pro hac vice*:

Michael K. Yarbrough (Ohio Reg. #0023054)
Elizabeth M. Norton (Ohio Reg. #0082610)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio  43215
Telephone:  (614) 464-1211
Facsimile:  (614) 464-1737
myarbrough@fbtlaw.com
enorton@fbtlaw.com