# Ginarte O'Dwyer González Gallardo & Winograd LLP.

ATTORNEYS AT LAW
GINARTE PROFESSIONAL BUILDING
400 MARKET STREET
NEWARK, NJ 07105

**Direct Dial**
(973) 854-8443
FAX: (973) 643-1857

WWW.GINARTE.COM

JOSEPH A. GINARTE ∗
JOHN D. O'DWYER
RICHARD M. WINOGRAD 1 □
MANUEL GONZALEZ
MICHAEL A. GALLARDO □
BARRY D. WEIN
ELLEN RADIN 2
ALON SOLON □
MARK MAURER □
ADAM J. KLEINFELDT □ 2
LEWIS ROSENBERG ◊ 2
ANTONIO L. CRUZ 2
CHRISTOPHER PEREZ □
STEVEN R. PAYNE □ ○
STUART L. KITCHNER +
MATTHEW S. SCHOEN □
DOREEN E. WINN □ 2
REX ZACHOFSKY + 2
MOISES APSAN □ 2
ADOLFO LOPEZ □ 2
NICHOLAS L. KROCHTA □
ROBERT P. VALLETTI ∆
JOHN J. MEGJUGORAC ∆

NEWARK
NEW YORK
UNION CITY
ELIZABETH
CLIFTON
PERTH AMBOY

1 CERTIFIED CIVIL TRIAL ATTORNEY
2 OF COUNSEL
+ ADMITTED TO NY
□ ADMITTED TO NJ & NY
∗ ADMITTED TO NJ, NY & DC
◊ ADMITTED TO NY & MA
∆ ADMITTED TO NJ
○ ADMITTED TO CALIFORNIA

ROGER GUARDA, CLAIMS MGR.

EDELMAN & EDELMAN
OF COUNSEL

Via ECF
The Honorable Dickinson R. Debevoise, U.S.M.J.
The United States District Court for the District of NJ
Martin Luther King, Jr. Federal Building &
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    *Reyes v. Keith Machinery Corp., et al.*
            Civil Action No.: 2:09-CV-5309
            Our File No.: 233266

Dear Judge Debevoise:

    Pursuant to your Honor's instructions in the correspondence dated February 3, 2012, the plaintiff herewith submits his comments and proposed revisions on the due date of February 27, 2012.

    Plaintiff submits that in the description of the case section, there should be parallelism between the illustrations the court provides to the jury on design defect and misuse of unit.

February 27, 2012
Page 2

      In this regard, there is specific reference to the defendant's contentions on misuse of unit about plaintiff's failure to use the wash up sticks or a nip point guard or to follow regulatory wash up procedures. These were given as illustrations of conduct that was not reasonably foreseeable or misuse that constituted the sole proximate cause of the accident. Conversely, there are no references to any examples of plaintiff's contentions with respect to design defect. To balance this presentation, we would suggest that the court consider inserting the following language in the design defect section after the sentence that reads as follows:

"In determining whether the three-roll mill was defectively designed, you will have to decide whether the safety benefits from designing the three-roll mill with the safety features (as proposed by Mr. Reyes) were greater than the resulting costs or disadvantages caused by the proposed design, including any diminished usefulness or diminished safety in the three-roll mill."

> *Plaintiff contends that design alternatives such as a slower rotational speed of the rollers during clean up mode and/or the implementation of a manual rotation of the rollers during clean up mode, were feasible design alternatives that would have prevented this accident.*

      Plaintiff has no other comments or suggestions with regard to the topics covered by the February 3, 2012 correspondence. However, regarding voire dire of the jury panel, plaintiff does have a question. Plaintiff asks the court whether there will be any opportunity to submit any open ended questions to prospective jurors before selection as is now required in similar cases in the New Jersey State court rules R.1:8-3(f) and directive 21-06. If so, plaintiff would be pleased to submit a list of open ended questions to supplement that which is being provided by the court.

      Thank you for the court's kind attention to this submission.

Respectfully submitted,

Richard M. Winograd, Esq.

RMW/ecc
cc:    Abigail Bowen, Esq. (Via ECF and Facsimile 212-952-1110)
       J. Michael Kunsch, Esq. (Via ECF and Facsimile 215-557-0999)
       Elizabeth Norton, Esq. (Via ECF & Facsimile 614-464-1737)