

45 Broadway, 21st Floor, New York, NY 10006
212.952.1100 • Fax: 212.952.1110
www.hcandglaw.com

Scott Haworth
Direct: 212.952.1101
scott.haworth@hcandglaw.com

February 27, 2012

*Via ECF*

The Honorable Dickinson R. Debevoise, U.S.D.J.
The United States District Court
for the District of New Jersey
Martin Luther King, Jr. Federal Building &
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   ***Reyes v. Keith Machinery Corp., et al.***
      Civil Action No.: 2:09-CV-5309

Dear Judge Debevoise:

This firm represents defendant Keith Machinery Corp. ("KMC") in the above-referenced matter. In accordance with Your Honor's correspondence, dated February 3, 2012, the following are KMC's proposed revisions to the Statement to the Jury Panel, Jury Questionnaire and Proposed Jury Instructions.

### Statement to the Jury Panel

The changes are underlined for the purposes of clarity.

**KMC proposes that paragraph 2, page 1 read as follows:**

Mr. Reyes was an employee of Union Ink Company which manufactures ink for clothing and signs. In order to prepare the ink, Union Ink used three-rolls mills. A three roll mill is a machine comprised of three horizontally positioned rollers that rotate in opposite directions in order to mix, refine, disperse and homogenize thick liquid ink into a usable form.

**KMC proposes that paragraph 3, page 1 read as follows:**

Mr. Reyes was a mill operator and mill operators are required to periodically clean the machine. In order to properly and safely clean the mill, the operator is supposed to follow a step-by-step procedure, which is promulgated by the American National Standards Institute in a standard known as ANSI B177.1.

## Jury Questionnaire

The following are the proposed questions in addition to those already included by the court:

1. By whom are you employed? If you are married, by whom is your spouse employed?

2. Do you have any children? What are their ages and, if applicable, employment?

3. Have you or a member of your family or a close friend ever applied for and/or received workers' compensation benefits?

4. Have you or a member of your family or close friend ever been employed by an insurance company?

5. Have you or any members of your family or close friends ever been employed by a police department, fire department, emergency medical service or OSHA, including any volunteer positions?

6. Do you have any legal education or specialized legal knowledge?

7. Do you have any engineering education or specialized engineering knowledge?

8. Have you ever heard of a three roll mill?

9. Have you ever operated or cleaned a piece of industrial machinery (i.e., three roll mill, meat grinder, punch press)? If so, under what circumstances?

10. Do you have any knowledge of the incident which is the subject of this lawsuit?

11. Is there any reason why you believe you may be biased for or against any of the litigants in this case?

12. Please identify your favorite television shows?

13. What is the last book that you read?

14. Are you a member of any social media websites or do you participate in blogging or regularly posting information on the internet?

15. What are your hobbies?

16. Do you have any bumper stickers on your car? If so, what are they?

## Preliminary Jury Instructions

The changes are underlined for the purposes of clarity.

The Honorable Dickinson R. Debevoise, U.S.D.J.
February 27, 2012
Page 3

**KMC proposes that paragraphs 1 and 2, page 1 under subheading "Description of the Case" read as follows:**

    As I mentioned when describing the case to you before we commenced selecting the jury, this is what is called a products liability case. The product involved is a three roll mill. A three roll mill is a machine comprised of three horizontally positioned rollers that rotate in opposite directions in order to mix, refine, disperse and homogenize thick liquid ink into a usable form. Union Ink, Mr. Reyes' employer, utilized three roll mills for the production of ink used on clothing and signs.

    Mill operators are required to periodically clean the machine. In order to properly and safely clean the mill, the operator is supposed to follow a step-by-step procedure, which is promulgated by the American National Standards Institute in a standard known as ANSI B177.1.

**KMC proposes the following in the third full paragraph, page 2 under subheading "Description of the Case":**

    The terms "mushroom buttons" and "airplane cords" be omitted and replaced with emergency stop buttons and cables.

**KMC proposes that paragraph 5, page 2 under subheading "Description of the Case" read as follows:**

    Defendant Keith Machinery purchased the ink mill used in 1989. It subsequently sold the mill to Union in 1995. At the time KMC sold the mill to Union Ink, it upgraded the mill to comply with all applicable safety standards and attached a warning placard. In these jury charges I sometimes refer to Littleford and Keith Machinery collectively as "Defendants." You may find one, both, or neither of them liable to Mr. Reyes.

                                                  Respectfully submitted,

                                                  Scott Haworth
                                                  Haworth Coleman & Gerstman, LLC

Cc:

Richard Winograd, Esq.
Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd, LLP
400 Market Street
Newark, New Jersey 07105

The Honorable Dickinson R. Debevoise, U.S.D.J.
February 27, 2012
Page 4

John Michael Kunsch, Esq.
Sweeney and Sheehan
216 Haddon Avenue, Suite 500
Westmont, New Jersey 08108

Michael Yarborough
Elizabeth M. Norton, Esq.
Frost Brown Todd LLC
10 West Broad Street
Columbus, OH 43215-3484