HAWORTH COLEMAN & GERSTMAN, LLC
45 Broadway, 21st Floor
New York, New York 10006
Telephone: (212) 952-1100
Facsimile: (212) 952-1110
Attorneys for Defendant
KEITH MACHINERY CORP.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------x
RAMON REYES,

                                   Plaintiff,

          -against-

KEITH MACHINERY CORP., LITTLEFORD
BROTHERS, INC., LITTLEFORD DAY, INC., LFB
INC., MAKINO INC., AND JOHN DOE 1-100 (a
fictitious name) individually and/or t/a XYZ Co., 1-
100 (a fictitious name); and ABC Corporation; 1-100
(a fictitious name); JANE DOE 1-100 (a fictitious
name),

                                  Defendants.
-------------------------------------------------------------x

**Civil Action No. 2:09-CV-05309 (DRD/MAS)**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE***

Defendants Keith Machinery Corp. ("KMC") and Makino, Inc., Littleford Brothers, Inc., Littleford Day, Inc. and LFB, Inc.'s (collectively "Littleford") submit this brief in support of their joint motion *in limine* seeking preclusion of all evidence of any version of ANSI B177.1 after 1997 and any post-accident modifications to the subject mill at trial.

**I.    All Evidence Of Any Version Of ANSI B177.1 After 1997 And Any Related Post-Accident Modifications To The Subject Mill Should Be Precluded Pursuant to Fed. R. Evid. 402, 403 and 407.**

        **A.    Relevance**

Fed. R. Evid. 401 provides that: "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action." As an initial matter, plaintiff's liability expert, Thomas J. Cocchiola, P.E., admits that the 1979 and 1997 versions of ANSI B177.1 are the only relevant versions of the standard.[1]

> A: I'm sorry. Wait. I think Keith Machinery acquired in '89 and sold to Union Ink in '95. I misspoke.
>
> Q: In 1995 which version of ANSI B177.1 was applicable?
>
> A: The 1979 supplement.
>
> Q: And on the date of Mr. Reyes' accident in September 2007, which version of ANSI B177.1 was applicable?
>
> A: The '97, 1997.
>
> Q: So we're talking about the 1979 version and the 1997 version generally, correct?
>
> A: Yes.

(Cocchiola Dep. Tr. at p. 10:11-24, attached to Haworth Cert. as Ex. "B"). Therefore, any post-1997 version of the ANSI B177.1 or related modifications are clearly not relevant as they have no bearing on the safety or design of the machine at the time it was sold or when the accident occurred. On this basis alone, any such evidence should be precluded. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

### B. The Evidence Is Unfairly Prejudicial, Misleading and Confusing

In addition, even if the court concludes that the post-1997 versions of the standard and related modifications are somehow relevant – which defendants deny – they should be precluded as they are prejudicial, confusing and misleading. Fed. R. Evid. 403 provides that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

---

[1] A copy of ANSI B177.1 – 1979, 1997 and 2007, are attached to Haworth Cert. as Ex. "A."

delay, wasting time, or needlessly presenting cumulative evidence." See Wolf by Wolf v. Proctor & Gamble Co., 555 F.Supp. 613, 622 (D.N.J. 1982) ("Unfair prejudice in the context of Fed.R.Evid. 403 means 'an undue tendency to suggest decision on an improper basis … .'"); see also Coleman v. Home Depot, Inc., 306 F.3d 1333 (3d Cir. 2002) ("Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure its admissibility.")

Here, plaintiff cannot dispute that reference to a version of the standard that was admittedly not applicable at the time of sale or accident, and any design changes or additional safety features contained therein, will unfairly prejudice the defendants and mislead the jury to conclude that the mill was somehow defective. Therefore, any purported probative value of such evidence is clearly outweighed by the unfair prejudice to the defendants and the propensity to mislead and confuse the jury. Particularly, where, as here, Mr. Cocchiola admits that the additional safety features referenced in the subsequent ANSI versions would not have prevented this accident:

> Q: Now, an emergency stop, that type of apparatus would not have altered the happening of the accident, correct?
>
> A: I don't think it would, no.
>
> Q: Because Plaintiff's hand would have already been entrapped, correct?
>
> A: I think so. And just to be clear, when I say emergency stop, typically an emergency stop device would have a breaking mechanism built into it to make a rapid stop. In this case the machine, the three roll mill basically coasted to a stop if you hit the emergency stop, but either way I don't think it makes a difference in this particular accident.
>
> Q: Just to be clear, in your report you talk about an emergency stop, you talk about a dynamic breaking system … Just to be clear … in

> this case those two design issues don't really play a role here, correct?
>
> A: Not in the occurrence of this accident, not at all.
>
> ***
>
> Q: At the time this machine was sold the cable wasn't required, correct?
>
> A: That's true.
>
> Q: And in any event, it wouldn't have altered the happening of this accident, correct?
>
> A: It would not.

(Cocchiola Dep. Tr. at pp. 14:24-15:24; p.56:17-23, attached to Haworth Cert. as Ex. "B"). Therefore, any evidence of the post-1997 version of ANSI B.177.1 and related modifications should be precluded. See Wolf by Wolf, 555 F.Supp. at 622 (excluding evidence in a product liability matter of other non-TSS injuries where "the tendency would be for the jury to consider the evidence as proof of product defect, negligence or causation … " and "there is also danger that in considering these other complaints, the jury might confuse the issues in the case and lose sight of the actual injury being litigated.").

### C. Exclusion of Subsequent Remedial Measures

Furthermore, Fed. R. 407, entitled "Subsequent Remedial Measures," provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> - negligence;
> - culpable conduct;
> - a defect in a product or its design; or
> - a need for a warning or instruction.

4

> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

See Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 415 (3d Cir. 2002) ("The Federal Rules of Evidence expressly preclude the introduction of evidence of subsequent remedial measures to prove a party's negligence or culpable conduct. Rule 407 rests on the strong public policy of encouraging manufacturers to "make improvements for greater safety."); see also Wolf by Wolf, 555 F.Supp. at 1982 (to permit evidence of a post-accident remedial measure "in order to prove product defect or causation would certainly thwart the policy behind the rule."). As such, to the extent that the court concludes that the above-referenced evidence is admissible, the admission of any evidence of post-accident modifications must be limited by the court as it cannot be relied upon to establish liability against the defendants.

## CONCLUSION

Based upon the foregoing, KMC and Littleford's motion *in limine* should be granted in its entirety.

Dated: March 5, 2012

Respectfully Submitted,

*/s/ Scott Haworth*

Scott Haworth (SH 5890)
Abigail Bowen (AB 1046)
HAWORTH COLEMAN & GERSTMAN, LLC
45 Broadway, 21st Floor
New York, New York 10006
Telephone: (212) 952-1100
Facsimile: (212) 951-1110
Attorneys for Defendant
Keith Machinery Corp.

5

/s/ Michael K. Yarbrough
Elizabeth M. Norton
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Telephone: (614) 464-1211
Facsimile: (614) 464-1737
myarbrough@fbtlaw.com
enorton@fbtlaw.com
Attorneys for defendants
Makino, Inc., Littleford Brothers, Inc., Littleford Day, Inc. and LFB, Inc.