# Ginarte O'Dwyer González Gallardo & Winograd LLP.

ATTORNEYS AT LAW
GINARTE PROFESSIONAL BUILDING
400 MARKET STREET
NEWARK, NJ 07105

**Direct Dial**
(973) 854-8443
FAX: (973) 643-1857

WWW.GINARTE.COM

JOSEPH A. GINARTE ∗
JOHN D. O'DWYER
RICHARD M. WINOGRAD ◻
MANUEL GONZALEZ
MICHAEL A. GALLARDO ◻
BARRY D. WEIN
ELLEN RADIN 2
ALON SOLON ◻
MARK MAURER ◻
ADAM J. KLEINFELDT ◻ 2
LEWIS ROSENBERG ◊ 2
ANTONIO L. CRUZ 2
CHRISTOPHER PEREZ ◻
STEVEN R. PAYNE ◻ ○
STUART L. KITCHNER +
MATTHEW S. SCHOEN ◻
DOREEN E. WINN ◻ 2
REX ZACHOFSKY + 2
MOISES APSAN ◻ 2
ADOLFO LOPEZ ◻ 2
NICHOLAS L. KROCHTA ◻
ROBERT P. VALLETTI △
JOHN J. MEGJUGORAC △

NEWARK
NEW YORK
UNION CITY
ELIZABETH
CLIFTON
PERTH AMBOY

1 CERTIFIED CIVIL TRIAL ATTORNEY
2 OF COUNSEL
+ ADMITTED TO NY
◻ ADMITTED TO NJ & NY
∗ ADMITTED TO NJ, NY & DC
◊ ADMITTED TO NY & MA
△ ADMITTED TO NJ
○ ADMITTED TO CALIFORNIA

ROGER GUARDA, CLAIMS MGR.

EDELMAN & EDELMAN
OF COUNSEL

March 5, 2012

Via ECF
The Honorable Dickinson R. Debevoise, U.S.M.J.
The United States District Court for the District of NJ
Martin Luther King, Jr. Federal Building &
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    *Reyes v. Keith Machinery Corp., et al.*
           Civil Action No.: 2:09-CV-5309
           Our File No.: 233266

Dear Judge Debevoise:

      Pursuant to your Honor's instructions in the correspondence dated February 3, 2012, plaintiff herewith submits his response to the comments and proposed revisions of defendants Littleford and Keith Machinery.

March 5, 2012
Page 2

      As to the comments and proposed changes for defendant, Keith Machinery, plaintiff responds as follows:

      1.      Paragraph 1 and 2, page 1 under subheading, "Description of the Case".

      Plaintiff has no objection to the proposed change in the first paragraph requesting a more detailed description of the purpose of the mills.

      Plaintiff objects to the change proposed to paragraph 2. Plaintiff submits that a statement of the court as to what plaintiff should have done and moreover, that what he should do in cleaning the machine is in accordance with A.N.S.I. standards, is not properly placed in this section entitled, "Description of the Case". Such are part of the defendant's allegations in defense of the case. Such statements are unnecessary in the pre-charge and in any event, should not be presented as an established fact by the court. Plaintiff requests that the court's initial paragraph 2 stand as it is.

      2.      Paragraph 3, full paragraph, page 2 under subheading, "Description of the Case".

      Plaintiff has no objection to the suggestion that the terms "mushroom buttons" and "airplane cords" be omitted and replaced with emergency stop buttons and cables. Plaintiff therefore takes no position here.

      3.      Paragraph 5, page 2, under subheading, "Description of the Case".

      Plaintiff objects to this proposed change. The proposed change requests that the court place its imprimatur upon the defendant's characterization of what it did to the mill.

      The term upgraded is particularly inappropriate for the court to use as it is a highly subjective characterization. The suggestion is also raised that such upgrades were done for the primary purpose of complying with all applicable standards and to attach a warning label. Each of the terms in that passage such as "applicable", "safety", and "standards" are highly charged commentary to be elicited from the court and should not be used here. Obviously, defendant counsel should be free to argue these points at trial.

      As to the comments and proposed changes for defendant, Littleford, plaintiff responds as follows[1]:

      1.      Page 2, first full paragraph.

---

[1] Page numbers refer here to the defendant Littleford's page numbers in its submission to the court.

March 5, 2012
Page 3

    Plaintiff has no objection to this proposed change in the first full paragraph.

    2.    Page 2, second paragraph.

    Plaintiff agrees with the assessment that some of this wording needs to be changed in order for it to read correctly. Plaintiff objects to the proposed change that the issue for the jury from the defendant's perspective is whether the failure to use an appropriate safety device was the cause of the accident. Plaintiff has submitted a motion in limine in which plaintiff argues that comparative negligence of the plaintiff should not even be presented for the jury's consideration in the context of the facts and evidence presented in this case.

    However, even if comparative negligence is permitted to be introduced in this case, the jury may consider same only to the extent that such negligence constitutes the sole proximate cause of the accident.

    Defendant's proposed change in this section is misleading and does not comport with New Jersey Product Liability law.

    3.    Page 13, third full paragraph.

    Plaintiff objects to the proposed changes by defendant inserted here. The court, in succinct fashion, described the history of the application of safety features by the defendant which allows the jury to assess the issues before it in a proper legal context. The proposed changes go well beyond these appropriate purposes and seek to portray the manufacturer, JH Day in a favorable light. This is inappropriate in the pre-charge and certainly in this section limited to describing the case only.

    4.    Page 13, last line.

    Plaintiff objects to the additional sentence. This statement is not only disputed in this case, but it would not belong in this section of the charge even if it was undisputed.

    5.    Page 14, second full paragraph.

    Plaintiff objects to the following sentence. "Mr. Reyes did not use a "wash up stick" in the mill when he was doing the cleaning. Defendant cannot seriously contend that there is no dispute that plaintiff had a wash up stick available to him and chose not to use it. This is a highly disputed position in this case that goes to the heart of the issues. Yet, defendant asks the court to describe the case by attribution of wrongdoing to plaintiff for not using a wash up stick.

March 5, 2012
Page 4

      6.    Page 14, fourth full paragraph.

Plaintiff objects to the entirety of this proposed change by the defendant, Littleford.

Here again, defendant presents a set of facts that is highly disputed as if they were undisputed facts and suggests these should be presented by the court in its description of the case. Defendant also includes commentary that does not comport with New Jersey Product Liability law inferring that the manufacturer of a defective product may rely upon the downstream user to incorporate necessary safety features as a defense. That is inconsistent with New Jersey Product Liability Law. Butler v. PPG Industries, 201 N.J. Super. 558 (App. Div. 1985).

      7.    Page 16.

Plaintiff objects to this proposed change.

Here, defendant crosses out a correct statement of the law for no apparent reason. That statement of law was appropriately inserted where it logically belonged placing into context the import of any jury's finding that Mr. Reyes failed to use the wash up stick or follow the regulatory wash up procedure and how such findings should be considered. In place of this relevant passage provided by the court which balances the scales between plaintiff's wrongdoing which is not foreseeable and wrongdoing which is foreseeable, defendant Littleford suggests that there be a repeat of that side of the equation that exonerates the defendant and have nothing that balances it where the wrongdoing is foreseeable. In the proposed change both sides of the equation would exonerate the defendant. For that reason plaintiff objects to any change of that paragraph in that manner.

Thank you for the court's kind attention to this submission.

                    Respectfully submitted,

                    Richard M. Winograd, Esq.

RMW/ecc
cc:    Abigail Bowen, Esq. (Via ECF and Facsimile 212-952-1110)
       J. Michael Kunsch, Esq. (Via ECF and Facsimile 215-557-0999)
       Elizabeth Norton, Esq. (Via ECF & Facsimile 614-464-1737)