## MOTION IN LIMINE II

GINARTE , O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973)854-8400
OUR FILE: # 233266
ATTORNEYS FOR PLAINTIFF

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON REYES<br><br>         Plaintiff<br>vs.<br><br>KEITH MACHINERY CORP.,<br>LITTLEFORD BROTHERS, INC.,<br>LITTLEFORD DAY, INC., LFB, INC.,<br>MAKINO, INC.,JOHN DOE 1-100 (fictitious<br>name) individually and/or t/a XYZ CO., 1-100<br>(fictitious name), and ABC Corps 1-100<br>(fictitious name)<br><br>         Defendants | CASE NO.: 2:09-CV-05309-DRD-MAS<br><br>**CIVIL ACTION**<br><br>**MOTION IN LIMINE FOR A LIMITING INSTRUCTION AS TO THE DEFENDANT'S INTRODUCTION OF EVIDENCE THAT UNION INK WAS NEGLIEGNT IN DEFICIENTLY TRAINING THE PLAINTIFF** |

RELEVANT CASE LAW INDICATES THAT PLAINTIFF IS ENTITLED TO A LIMITING INSTRUCTION TO THE JURY REGARDING EVIDENCE THAT PLAINTIFF'S EMPLOYER WAS NEGLIGENT IN DEFICIENTLY TRAINING THE PLAINTIFF.

In the pre-charge to the jury, the Court has recognized that to the extent the plaintiff's employer was negligent, such negligence may only constitute a concurrent cause of the accident. Plaintiff's burden of proof does not require that the product design defect or failure to warn be the sole proximate cause of his injures, merely that it was a "substantial contributing factor." Perez v. Wyeth Laboratories, 161 N.J. 1, 27 (1999). It is well-established under New Jersey law that manufacturers are liable for failure to protect against design defects that cause foreseeable injuries,

1

and that contributory negligence of the injured party's employer is not a defense unless it is the sole proximate cause of the accident. Butler v. PPG Inustries, Inc., 218 N.J. Super. 558 (App Div. 1985); Olencki v. Mead Chemical Co., 209 N.J. Super. 456 (Law Div. 1986).

In Butler, the plaintiff sustained injuries while working with caustic soda flakes manufactured by defendant, PPG. PPG argued that it could not be held liable for the injuries since Butler's employer, Cellofilm, failed to provide its employees with protective clothing or train them properly. In rejecting this argument, the court acknowledged that the negligence of Cellofilm could not exculpate the manufacturer from liability. Butler, 218 N.J. at 564. The court noted that "where the original defect, although not the sole cause of the accident constitutes a contributing or concurrent proximate cause in conjunction with subsequent conduct of the purchaser, the manufacturer remains liable." Id. (citing Brown v. United States Stoves Co., 98 N.J. 155, 177 (1984). Additionally, the court reasoned, "the manufacturer may not rely on the haphazard conduct of the ultimate purchaser to remedy or protect against defects for which he is ultimately responsible." Id. at 563.

Similar holdings occurred in Olencki, supra and Johnson v. Salem Corp., 97 N.J. 78, 95 (1984). In Olencki, the defendant sought to introduce evidence concerning the employer's failure to conduct safety seminars; the employer's failure to recognize the risk of injury; and the employer's failure to follow its own safety standards concerning hazardous material. Olencki, 209 N.J. Super. at 462. The court denied the admission of the evidence, holding that the manufacturer's negligence was a contributing proximate cause of the accident and a jury should not be permitted to consider the negligence of the employer as the sole proximate cause. Id. Likewise, the State Supreme Court adopted analogous rational in Johnson, where the defendant attempted to argue employer negligence due to lack of maintenance of the machinery. Johnson, 97 N.J. at 87. As in Olencki and

Butler, the defendant could not prove that the employer's action was the sole proximate cause of the accident. Id. at 95. Thus, the Court held that "…any evidence of negligent maintenance by the employer cannot constitute a defense in these circumstances." Id.

In the present matter, defendant will seek to prove sole proximate cause by *inter alia* introducing evidence that plaintiff was not adequately trained in safe cleaning procedures mandated by A.N.S.I. B177.1. Such evidence is relevant to that defense. See Straley v. U.S., 887 F.Supp 728 (D.N.J. 1995). However, in accordance with the Court's pretrial charge in this matter, and with Butler, Olencki, and Johnson, plaintiff requests that the Court recognize how this and other evidence of wrongdoing by the employer could confuse the jury about the extent of plaintiff's burden to prove proximate cause. It is respectfully submitted that each time such evidence is presented, the Court consider reminding the jury of the limited relevance of the employer's wrongful conduct to the ultimate issues of the case.

Respectfully submitted,
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP

BY: _____
Richard M. Winograd, Esq.

Date: March 5, 2012

3