MOTION IN LIMINE III

GINARTE , O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973)854-8400
OUR FILE: # 233266
ATTORNEYS FOR PLAINTIFF

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON REYES | : |
|  | : |
| Plaintiff | : CASE NO.: 2:09-CV-05309-DRD-MAS |
| vs. | : |
|  | : CIVIL ACTION |
| KEITH MACHINERY CORP., | : |
| LITTLEFORD BROTHERS, INC., | : |
| LITTLEFORD DAY, INC., LFB, INC., | : MOTION IN LIMINE FOR A LIMITING |
| MAKINO, INC.,JOHN DOE 1-100 (fictitious | : INSTRUCTION AS TO THE |
| name) individually and/or t/a XYZ CO., 1-100 | : DEFENDANT'S INTRODUCTION OF |
| (fictitious name), and ABC Corps 1-100 | : EVIDENCE THAT UNION INK WAS |
| (fictitious name) | : NEGLIEGNT IN FAILING TO |
|  | : PROPERLY IMPLEMENT |
| Defendants | : SUPPLEMENTAL SAFETY FEATURES |
|  | : PROVIDED BY DEFENDANT KEITH |
|  | : MACHINERY CORPORATION |
|  | : |

RELEVANT CASE LAW INDICATES THAT PLAINTIFF IS ENTITLED TO A LIMITING INSTRUCTION TO THE JURY REGARDING EVIDENCE THAT PLAINTIFF'S EMPLOYER WAS NEGLIGENT IN IMPLEMENTING WASH-UP STICKS ALLEGEDLY PROVIDED BY KEITH MACHINERY CORPORATION.

The thrust of the defense in this case is that plaintiff failed to utilize a wash-up stick when he was cleaning the rollers. The evidence upon which the defendant relies is that this was primarily the fault of Union Ink as plaintiff may not have been aware of the need to use this safety device.

The defendants accuse Union Ink of irresponsibility based on the evidence that Keith Machinery provided wash-up sticks to Union Ink, as well as the updated manual and A.N.S.I. standards that addressed the need to use wash-up sticks during clean-up. While the evidence on the issue of whether Union Ink was provided with was-up sticks by Keith Machinery is disputed, it will be for the jury to hear both sides and make this determination.

However, once again as set forth in Motion in Limine II, the evidence defendants rely on cannot be used to defeat the plaintiff's claim unless it is proven to be the sole proximate cause of the injuries. Perez v. Wyeth Laboratories, 161 N.J. 1 (1999); Johnson v. Salem Corp., 97 N.J. 78 (1984); Butler v. PPG Industries, Inc., 218 N.J. Super. 558 (App Div. 1985); Olencki v. Mead Chemical Co., 209 N.J. Super. 456 (Law Div. 1986). It is not necessarily sufficient that plaintiff merely be permitted to offer evidence that the failure of downstream employer's such as Union Ink to implement these features was reasonably foreseeable and justified an alternative design. There remains a substantial risk of confusion if the jury is consistently reminded how Union Ink was guilty of wrongdoing in causing this accident. Such evidence needs to be placed into context.

It is respectfully submitted that when such testimony is received into evidence, it be accompanied by limiting instructions that clearly inform the jury to consider that they are not to weigh the respective fault between the product seller who is subject to strict liability and the employer who is not. See Eshbach v. W. T. Grant's & Co., 481 F.2d 940 (3d Cir. 1973) (holding that the trial judge must instruct a jury that the strict liability standard imposed upon a manufacturer is substantially different than that imposed upon an alleged contributory negligent party). The proper imposition of the legal duties in this scenario could be counter-intuitive to the fact finder.

Therefore, the Court must make the allocation of responsibility clear, and a proper limiting instruction for such evidence is requested.

Date: March 5, 2012

Respectfully submitted,
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP.

BY: _____
Richard M. Winograd, Esq.

3