MOTION IN LIMINE IV

GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973)854-8400
OUR FILE: # 233266
ATTORNEYS FOR PLAINTIFF

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON REYES<br><br>            Plaintiff<br>vs.<br><br>KEITH MACHINERY CORP.,<br>LITTLEFORD BROTHERS, INC.,<br>LITTLEFORD DAY, INC., LFB, INC.,<br>MAKINO, INC.,JOHN DOE 1-100<br>(fictitious name) individually and/or t/a XYZ<br>CO., 1-100 (fictitious name), and ABC<br>Corps 1-100 (fictitious name)<br><br>            Defendants | CASE NO.: 2:09-CV-05309-DRD-MAS<br><br>**CIVIL ACTION**<br><br>**MOTION IN LIMINE THAT EVIDENCE OF PLAINTIFF'S COMPARATIVE NEGLIGENCE BE BARRED ENTIRELY IN THE CONTEXT OF THIS WORK PLACE INJURY.** |

NEW JERSEY LAW DOES NOT PERMIT THE JURY TO CONSIDER THE COMPARATIVE FAULT OF A PLAINTIFF IN A PRODUCTS LIABILITY CONTEXT WHERE THE PLAINTIFF IS ENGAGED IN WORK WITH MACHINERY OR EQUIPMENT IN A WORKPLACE.

New Jersey law does not permit the jury to consider the comparative fault of plaintiff in a products liability context where the plaintiff is engaged in work with machinery or equipment in a workplace setting. Although this prohibition of a worker's comparative fault allocation had originally applied only to cases arising in an industrial machine or factory setting, Suter v. San Angelo Foundry & Machine Co., 81 N.J. 150 (1979), it has since been applied to a variety of

products actions arising from workplace accidents. Cavanaugh v. Skil Corp., 164 N.J. 1 (2000); Tirrell v. Navistar International, Inc., 248 N.J. Super. 390 (App. Div.), certif. denied 126 N.J. 390 (1991); Crumb v. Black & Decker (U.S., Inc.), 204 N.J. Super. 521 (App. Div.), certif. granted 102 N.J. 386 (1985), appeal dismissed 104 N.J. 432 (1986).

The law originally depended on the view that a worker has no meaningful choices in the use or operation of assigned machines, Suter v. San Angelo Foundry & Machine Co., 81 N.J. 150, 167 (1979), and this same rationale has served to eliminate plaintiff's comparative fault issues in non-products cases, arising in workplace settings, in which the premise of the action is closely analogous to a products liability action. Green v. Sterling Extruder Corp., 95 N.J. 263, 271-272 (1984) (wherein plaintiff's negligence theory concentrated particularly on a "defective" machine which was created by a company which was neither a manufacturer nor seller); Ramos v. Silent Hoist and Crane Co., 256 N.J. Super. 467 (App. Div. 1992) (wherein plaintiff proceeded against an electrical contractor who had installed the electrical connection and activating buttons for a dockside capstan under an annual service contract).

The original Suter decision has been expanded to result in an almost virtual abrogation of comparative fault in workplace accidents. This broadening of the Suter rule has been authorized and sanctioned by the Legislature in N.J.S.A. 2A:58-C-3a(2). In commenting upon the broadening of the Suter exception as noted a scholar as retired Appellate Division Judge William Drier has stated:

> The Legislature has, indeed, stated a broader exception than that explicitly created by Suter, in that Suter, referred only to employees at assigned tasks on plant machines, but the legislative exception covers all use of workplace equipment. See Tirrell vs. Navistar Intern. Inc., 248 N.J. Super at 401.

Drier, Keefe & Katz, <u>Current N.J. Products Liability & Toxic Torts Law</u>, Gann, 2002 Ed., Section 14:3-2 (a), page 393.

For present purposes, it is sufficient to note that the rationale for elimination of employee comparative fault has ranged from consideration of plaintiff's status and experience (<u>Cepeda</u>, <u>Suter</u>), to the identity of the workplace (<u>Suter</u>, <u>Tirrell</u>), to the lack of meaningful choice by virtue of assignment to a particular machine (<u>Cavanaugh</u>, <u>Suter</u>, <u>Green</u>), to the lack of meaningful choice to complain about assigned conditions generally (<u>Tirrell</u>), to the nature of the product itself (<u>Colella</u>, <u>Green</u>, <u>Ramos</u>), to the explanation that the omitted safety measure itself would have prevented the very mishap which eventuated by virtue of plaintiff's negligence (<u>Bexiga</u>, <u>Finnegan</u>, <u>Suter</u>, <u>Beatty</u>, <u>Crumb</u>, <u>Tirrell</u>, <u>Johansen</u>, <u>Ramos</u>).

In sum, the virtually complete evisceration of the plaintiff-worker's comparative fault issue has been the product of an evolution spanning roughly 20 years. The elimination of the plaintiff's comparative fault issue has become so well understood that many reported workplace products liability decisions barely mention the subject or omit mention of it entirely. The elimination of the plaintiff's comparative fault issue appears to have become non-controversial and efforts to challenge it have often been abandoned.

In the present case there is no question that plaintiff was in the course of his employment when he was operating the triple roll mill as part of his assigned duties.

Unless there is some credible evidence presented in admissible form that charges plaintiff with knowledge that there was a wash up stick available to use and he refused to use it, there would be no basis to introduce any evidence or advance any argument that plaintiff's negligence has relevance to any issues in this case.

Similarly, it is expected that defendants will advance an argument that Mr. Reyes failed to follow A.N.S.I. mandated wash up procedures which was the sole proximate cause of the argument. Here however, the fault would lie with his employer who failed to adequately train him. Even if he was so trained, his failure in this regard could only be a concurrent cause with that of the trainer.

Under any of the plausible theories of any wrongdoing that could be leveled against plaintiff individually, there is none that will not rise to a sufficient level whereby reasonable minds could reach a conclusion that plaintiff was the sole proximate cause of his injuries.

Therefore, the jury should be firmly instructed not to consider plaintiff's comparative negligence in deciding any issue in this case.

Respectfully submitted,<br>
GINARTE, O'DWYER, GONZALEZ,<br>
GALLARDO & WINOGRAD, LLP.

Date: March 5, 2012     BY: _____
                            Richard M. Winograd, Esq.